IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

(1) SHIRLEY ANTWINE, )
   as administrator for the Estate of )
   Ernest Eugene Antwine, )
    )
        Plaintiff, ) Case No. CIV-23-359-JD
    )
vs. )
    )
(2) THE OKLAHOMA CITY POLICE )
   DEPARTMENT, a municipal law )
   enforcement agency, )
    ) JURY TRIAL DEMANDED
(3) THE CITY OF OKLAHOMA CITY, )
   a municipality, )
    )
(4) ROBERT A. BURTON, individually )
   and in his official capacity as a police )
   officer for the Oklahoma City Police )
   Department, )
    )
(5) REBECCA L. FRY, individually )
   and in her official capacity as a police )
   officer for the Oklahoma City Police )
   Department, )
    )
(6) ROBERT DUNN, an individual, )
   and, )
    )
(7) JOHN & JANE DOES, individually, )
   as yet unidentified police officers, )
    )
        Defendants. )

## COMPLAINT

Plaintiff, SHIRLEY ANTWINE, as administrator of the Estate of Ernest Eugene Antwine, by and through her undersigned attorney, alleges and states as follows:

1

1. Plaintiff brings this action through 42 U.S.C. ¶ 1983 because of the failure of the following defendants to provide adequate medical care in violation of the Eighth and/or Fourteenth Amendments to the U.S. Constitution by Defendants, THE OKLAHOMA CITY POLICE DEPARTMENT, THE CITY OF OKLAHOMA CITY, ROBERT A. BURTON, REBECCA L. FRY, and JOHN & JANE DOES. Plaintiff also brings this action against those Defendants under the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 *et seq.*

2. Plaintiff also brings this action because of the negligence of all Defendants, including ROBERT DUNN, regarding the death of Ernest Eugene Antwine.

3. By and through this action, Plaintiff prays this Honorable Court would grant the relief sought by this *Complaint,* including but not limited to actual, compensatory, and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of the filing of this *Complaint*, reasonable attorney fees and costs, and any other just and equitable relief against each Defendant, individually and jointly.

**PARTIES**

4. Plaintiff, SHIRLEY ANTWINE ("Shirley" or "Ms. Antwine") resides in Oklahoma County, Oklahoma, and is the administrator of THE ESTATE OF ERNEST EUGENE ANTWINE, DECEASED. Ms. Antwine is the mother of the decedent, ERNEST EUGENE ANTWINE ("Mr. Antwine"). She became administrator of his estate on or about April 10, 2023. *See In re Estate of Ernest*

*Eugene Antwine, deceased,* PB-2022-1010 (Okla. Co.), https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=PB-2022-1010&cmid=4104736.

5. Defendant, THE OKLAHOMA CITY POLICE DEPARTMENT ("The Department"), is a municipal law enforcement agency created to protect the City of Oklahoma City, County of Oklahoma, State of Oklahoma. The Department is responsible for developing, implementing, and enforcing policies and procedures for all of its officers about the care of those taken into custody.

6. Defendant, THE CITY OF OKLAHOMA CITY ("The City"), is a municipality organized and established by the laws of the State of Oklahoma. The City is the controlling entity of the Department and its employees.

7. Defendant, ROBERT A. BURTON ("Officer Burton") in his official capacity is a police officer for the Department and an employee of the City.

8. Defendant, REBECCA L. FRY ("Officer Fry") in her official capacity is a police officer for the Department and an employee of the City.

9. Defendant, ROBERT DUNN ("Mr. Dunn"), is an individual residing in Norman, County of Cleveland, State of Oklahoma.

10. Defendants, JOHN and JANE DOES ("John and Jane Does") in their official capacity are thought to be police officers for the Oklahoma City Police Department and employees of the City, but whose identities are not known at this time. Their identities will be sought and supplemented during the discovery phase of this matter.

3

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action because of 28 U.S.C. § 1343 to protect and provide redress for the deprivation of rights under color of law protected by the Eighth and Fourteenth Amendments to the U.S. Constitution, as per 42 U.S. § 1983, which protects Mr. Antwine's civil rights and the redress of violations of those rights.

12. This Court also has jurisdiction because of 28 U.S.C. § 1331, which authorizes this Honorable Court to resolve a controversy arising from the laws and Constitution of the United States of America.

13. This matter has state law claims, but this Court has supplemental jurisdiction under 28 U.S.C. § 1367 as they are asserted as part of the same case or controversy arising under federal law and the U.S. Constitution.

14. Venue is proper, as per 28 U.S.C. § 1391(b), as all of the events or omissions giving rise to Plaintiff's claims and all parties are in the federal Western District of Oklahoma.

## STATEMENT OF FACTS

15. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

16. Upon information and belief, Mr. Antwine used and abused PCP and other drugs and also had been diagnosed with mental health disorders like schizophrenia. Over the years, he experienced numerous legal incidents and charges in and around the metropolitan Oklahoma City area.

17. For instance, on or about February 11, 2021, Mr. Antwine was charged in the District Court of Oklahoma County for allegations of public intoxication, in violation of 37A O.S. § 6-101(D) and obstructing an officer, in violation of 21 O.S. § 540. *See State v. Antwine,* CM-2021-474 (Okla. Co.), https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CM-2021-474&cmid=3949357.

18. On or about June 24, 2021, Mr. Antwine was charged in the District Court of Oklahoma County for allegations of unlawful possession of controlled drug-PCP-phencyclidine, in violation of 64 §§ 2-401-2-420. *See State v. Antwine,* CM-2021-1684 (Okla. Co.), https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CM-2021-1684&cmid=3986755.

19. On or about June 25, 2021, the District Court issued an arrest warrant, with bond set for $1,000. That arrest warrant never was satisfied, though Mr. Antwine had been in custody of the Defendants, Officer Burton and Officer Fry, on behalf of the Department and City.

20. On or about August 4, 2021, at 1:21.17 P.M., Ms. Antwine called 911 to report concerns about the behavior of her son, Mr. Antwine. *See* attached Exhibit 1.

21. On that same date at 1:33.11 P.M., Officer Fry and Office Burton arrived at Ms. Antwine's home at 1439 N.E. 25th St., Oklahoma City. *Id.*

22. During the 39 minutes at that location, there does not appear to be any a record that any inquiry was made as to any possible warrants for Mr. Antwine. *Id.*

5

23. On that same date, Officer Burton left Ms. Antwine's home with Mr. Antwine in custody, but then headed towards the corner of N.E. 10th Street and Sooner Road. *Id.*

24. Upon information and belief, and despite the outstanding arrest warrant, Officer Burton removed Mr. Antwine from his patrol car at a vacant lot on the corner of N.E. 10th Street and Sooner Road and left so he could go to a job interview.

25. On that same date, at 2:00.08 P.M., Officer Burton called dispatch to clear the incident. *Id.*

26. On or about August 4, 2021, at 2:05.04 P.M., a witness called 911 to report the collision of an automobile with Mr. Antwine at 1900 N. Sooner Road in Oklahoma City. This location is north of where Officer Burton had dropped off Mr. Antwine just five minutes earlier. *See* attached Exhibit 2.

27. Officers Burton, Fry, and other officers were dispatched to the scene. *Id.*

28. Mr. Antwine was found in the meridian of that street and at location, near where he had been dropped off by Officer Burton. *Id.*

29. Mr. Dunn drove the automobile that killed Mr. Antwine, a 2017 Nissan Titan pickup. *See* attached Exhibit 3.

30. Police from the City of Midwest City, Oklahoma, arrived at the scene and the Oklahoma County Sheriff's Office ("County") investigated. *See* attached Exhibit 4.

31. Officer Burton told the County investigator that Mr. Antwine "was a known mental health consumer, PCP user, and homeless." *Id.*

32. There is no evidence to suggest that any Defendant sought medical attention for Mr. Antwine before or after the automobile killing him.

33. Officer Burton admitted to the County that:

he dropped off [Mr. Antwine] off in "no man's land" (referring to the gravel road on the west side of the road at 1399 N. Sooner Rd.) after forcefully removing him from the front porch of his mother's home.

*Id.*

34. When informed about her son's death, Ms. Antwine asked about whether Mr. Antwine had been in custody or at the Oklahoma County Detention Center when he died. *Id.* She called 911 about 5:56.24 P.M., looking for him. *See* attached Exhibit 5.

35. She was then told Mr. Antwine had not been in custody when the death occurred, so she asked if "those officers knew his condition, why did they leave him alone?" *Id.*

36. On the same date, the Oklahoma State Medical Examiner took possession of the body about 4:20 P.M. *Id.*

37. The Medical Examiner's report ruled the probable cause of Mr. Antwine's death to be "multiple blunt force injuries" because of an "accident." *See* attached Exhibit 6.

38. The death was *not* ruled a suicide.

39. The report documented certain injuries:

7

- hypermobile neck
- bilateral hemothoraces
- bilateral rib fractures
- bilateral lung contusions and lacerations
- liver lacerations, and
- left tibia fracture.

*Id.*

40. Further, the Medical Examiner diagnosed acute phencyclidine (PCP) toxicity, as Mr. Antwine's concentration of PCP in his femoral blood was 620 ng/ml. *Id.*

41. Over the past years, Defendants CITY OF OKLAHOMA CITY and the OKLAHOMA CITY POLICE DEPARTMENT have been fully aware that they lacked sufficient polices for how police respond to calls involving mental health crises. *See, e.g.,* "City Council Receives Recommendations Made by Law Enforcement Policy Task Force and Community Policing Working Group," https://www.okc.gov/government/law-enforcement-taskforce (last visited April 26, 2023), *quoting* "Recommendations to the City of Oklahoma City," 21CP Solutions (November 2021), https://www.okc.gov/home/showpublisheddocument/27148 (last visited April 29, 2023). In those recommendations, Defendants were encouraged to "help support successful outcomes" when police respond to mental health calls. *Recommendations* at 55. In that report, Defendants knew it had been recommended for them to "develop a specific and comprehensive training plan," *Id.* at 53. Defendants already had launched a "Reality Based Training Unit" to teach

8

officers how to de-escalate situations, but that had not been enough or soon enough to prevent what happened to Mr. Antwine in August of 2021. *Id.* at 54.

42. Substance abuse disorders often are found with other mental health disorders. *See, e.g.,* "Substance Use and Co-Occurring Mental Disorders," Nat. Inst. of Mental Health (March 2023), https://www.nimh.nih.gov/health/topics/substance-use-and-mental-health (last visited April 29, 2023).

43. On or about August 3, 2022, Plaintiff sent a demand and notice to the City for her claims, as per the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 *et seq. See* attached Exhibit 7.

44. To this date, the City has failed to deny those claims.

## FIRST CAUSE OF ACTION
**(Failure to Provide Adequate Medical Care in Violation of the Eighth and/or Fourteenth Amendments to the U.S. Constitution (42 U.S.C. § 1983))**

45. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

### A.   Underlying Individual Liability for Violations of Constitutional Rights

46. Defendants ROBERT A. BURTON and REBECCA L. FRY, under the color of law while acting within the scope of their the employment by Defendants THE CITY OF OKLAHOMA CITY and THE OKLAHOMA CITY POLICE DEPARTMENT, knew that Mr. Antwine was a serious threat to himself or others and was suffering severe mental and physical symptoms, but failed to send for and/or provide him with the proper care.

9

47. Those Defendants, especially Officer Burton, completely disregarded the known and serious risks to Mr. Antwine's safety and health. The City and Department acted under the color of law with obligations to create, maintain, and enforce policies to ensure police officers provide adequate physical and mental health care for those in their custody. By failing to do so, Defendants were deliberately indifferent to Mr. Antwine's serious and obvious health and safety concerns. Defendants should have known or knew that their policies and practices at that time were insufficient at best and dangerous and even deadly at worst.

48. Plaintiff relied upon Defendants by calling 911, expecting they would make certain she *and* her son were safe.

49. Further, Oklahoma law obligates Defendants as police officers to obey the order of the Oklahoma County District Court to execute the warrant for Mr. Antwine's arrest, but Defendants failed to do so.

50. The Department and the City tacitly approved and/or ratified the acts and omissions alleged in this matter. They also are vicariously liable for the deliberate indifference of their employees, who are police officers expected to protect the public safety of all within their jurisdiction.

51. All Defendants, with the exception of Mr. Dunn, through continued policies and practices, despite known dangers and inadequacies, failed to or delayed in providing adequate

52. As a direct and proximate result of this deliberate indifference, Mr. Antwine experienced severe mental and physical pain, suffering, and distress and then death.

53. As a direct and proximate result of the conduct of these Defendants under the color of law, Mr. Antwine should receive compensatory, pecuniary, and punitive damages because of the deprivation of his civil rights protected by the U.S. Constitution, in excess of Seventy-Five-Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION
(Negligence)

54. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

55. Again, on or about August 4, 2021, Defendants ROBERT A. BURTON and REBECCA L. FRY, acting with the scope of their employment and on behalf of Defendants THE CITY OF OKLAHOMA CITY and THE OKLAHOMA CITY POLICE DEPARTMENT, responded to a 911 call about Mr. Antwine behaving erratically and violently at Plaintiff's home.

56. Defendants negligently failed to call for medical assistance for physical and/or mental health concerns or provide any first aid for Mr. Antwine.

57. Instead, Officer Burton shoved Mr. Antwine into his patrol car, only to drop him off a few minutes later in "no man's land" by himself without any help or supervision.

58. As a result, Mr. Antwine was not under the care of anyone whatsoever.

59.  Within minutes after being abandoned by Officer Burton, Mr. Antwine died after Mr. Dunn negligently drove his 2017 Nissan Titan pickup into him.

60.  As a result, Mr. Antwine suffered real and actual damages, including but not limited to death, physical and mental pain, suffering, and other emotional distress, medical costs, and other damages worth in excess of Seventy-Five-Thousand Dollars ($75,000.00).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, SHIRLEY ANTWINE, respectfully requests that this Court grant the aforementioned relief, including but not limited to actual, compensatory, and punitive damages of at least Seventy-Five Thousand Dollars ($75,000.00), with accrued interest from the date of the filing of this matter, along with reasonable attorney fees and costs and any other relief as this Court deems just and equitable.

Dated: April 30, 2023          Respectfully submitted,

THE LAW OFFICE OF KEVIN R. KEMPER, PLLC

By:
/s/ *Kevin R. Kemper*
Kevin R. Kemper, Esq.
Oklahoma State Bar No. 32968
P.O. Box 454
114 W. Harrison, Suite 201
Guthrie, OK 73044
kemperlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

STATE OF OKLAHOMA     )
                      ) .ss
COUNTY OF LOGAN       )

    I, SHIRLEY ANTWINE of Oklahoma City, Oklahoma, and of lawful age, being first duly sworn upon my oath, deposes and states that she is the Plaintiff in the above Complaint, that she has read and understands the contents contained in the foregoing Complaint, and further states that the same are true and correct to the best of her knowledge.

_____     4-30-23
SHIRLEY ANTWINE                     DATE
*Plaintiff*

Subscribed and sworn to before me this 30th day of April, 2023
My commission expires

Comm. #23002064

_____
Notary Public

KRISTIN NICOLE FRISBY
Notary Public, State of Oklahoma
Commission # 23002064
My Commission Expires 02-10-2027

13