IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY ANTWINE, as administrator for the Estate of Ernest Eugene Antwine,<br><br>Plaintiff,<br><br>v.<br><br>THE OKLAHOMA CITY POLICE DEPARTMENT, a municipal law enforcement agency, et al.,<br><br>Defendants. | Case No: CIV-23-359-JD |

## ROBERT DUNN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** the Defendant, Robert Dunn ("Dunn"), and for his Answer to the Amended Complaint [Doc. 9] filed herein by the Plaintiff, alleges and states as follows:

1. Dunn lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, and therefore, said allegations are denied and Dunn demands strict proof thereof.

2. Dunn denies the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint and demands strict proof thereof.

3. Dunn lacks sufficient knowledge to either admit or deny the allegations contained in Paragraphs 3-6 of Plaintiff's Amended Complaint, and therefore, said allegations are denied and Dunn demands strict proof thereof.

4. Dunn admits the allegations contained in Paragraphs 7-11 of Plaintiff's Amended Complaint.

5. The allegations contained in Paragraphs 12-25 of Plaintiff's Amended Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Dunn denies the allegations contained in Paragraphs 12-25 of Plaintiff's Amended Complaint and demands strict proof thereof.

6. Dunn denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint and demands strict proof thereof.

7. The allegations contained in Paragraphs 27-51 of Plaintiff's Amended Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Dunn denies the allegations contained in Paragraphs 27-51 of Plaintiff's Amended Complaint and demands strict proof thereof.

8. Dunn denies the allegations contained in Paragraphs 52-53 of Plaintiff's Amended Complaint and demands strict proof thereof.

9. Defendant Dunn denies any allegation contained with the paragraph which begins "WHEREFORE" except insomuch as a denial would be inconsistent with the forgoing paragraphs.

## AFFIRMATIVE DEFENSES

10. Failure to mitigate damages.

11. The incident complained of in the Plaintiff's Amended Complaint was caused by the negligence of third parties over whom this Defendant had no control or supervision, and therefore, liability will not attach to this Defendant.

12. The incident complained of in the Plaintiff's Amended Complaint was the direct result of the negligence of the Plaintiff in a degree to either prohibit or lessen any recovery thereunder.

13. The injuries complained of by the Plaintiff were not the proximate result of any actions of Dunn.

14. The incident complained of in the Plaintiff's Amended Complaint was the result of a sudden emergency and/or unavoidable casualty presented to this Defendant and, at all times pertinent thereto, this Defendant acted reasonably and prudently; and therefore, liability will not attach to this Defendant.

15. The Plaintiff sustained no injury or was not injured as severely as alleged as a result of the incident in this suit.

16. Plaintiff voluntarily assumed the risk of a known danger and is not entitled to recover herein.

17. Plaintiff's claims for punitive damages are not warranted under the facts and circumstances of this case.

18. Plaintiff's claims for punitive damages violate the Constitutions of both the State of Oklahoma and the United States of America.

19. Any award of punitive damages based on the standard of proof that is less than "clear and convincing" would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process clause of the Oklahoma Constitution.

20. Any award of punitive damages based on vague and undefined standards of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process clause of the Oklahoma Constitution.

21. Defendant Dunn reserves the right to amend or abandon any or all of the allegations stated.

22. It is anticipated that additional affirmative defenses will become known through the discovery process; therefore, this Defendant reserves the right to plead them as they are discovered.

**WHEREFORE**, the Defendant, Robert Dunn, prays that judgment be rendered in his favor, that he be awarded his costs and attorney fees, and any and all other relief the Court deems just and equitable.

Respectfully submitted,

*/s/ Michael G. McAtee*
Michael G. McAtee, OBA #11589
**MCATEE & WOODS, P.C.**
410 N.W. 13th Street
Oklahoma City, OK 73103
Telephone: (405) 232-5067
Facsimile: (405) 232-0009
mikem@mcateeandwoods.com
***Attorney for Defendant, Robert Dunn***

**CERTIFICATE OF ELECTRONIC FILING**

      I hereby certify that on the 31st day of May 2023, I electronically transmitted a true and correct copy of the foregoing document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.


                                            */s/ Michael G. McAtee*
                                            Michael G. McAtee